UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northeast Bank,

       Plaintiff,

v.                                                       Civil No. 11-3233 (JNE/JJG)
                                                     ORDER

Wells Fargo Bank, N.A., and The Hanover
Insurance Group,

       Defendants.

Bradley A. Kletscher, Esq., and Sheldon M. Clark, Esq., Barna, Guzy & Steffen, Ltd., appeared for Plaintiff Northeast Bank.

Amy L. Schwartz, Esq., Lapp Libra Thomson Stoebner & Pusch, Chartered, appeared for Defendant Wells Fargo Bank, N.A.

Lawrence D. Mason, Esq., Segal McCambridge Singer & Mahoney, Ltd., appeared for Defendant The Hanover Insurance Group.

     In response to a loss claim, The Hanover Insurance Group (Hanover) issued checks made payable to Grand Rios Investment, LLC, Northeast Bank, and Alex N. Sill Company, the insured, the loss payee, and the public adjuster, respectively.  Without Northeast Bank's endorsement, knowledge, or consent, Wells Fargo Bank, N.A., paid the full amount of the checks to Grand Rios Investment.  After Wells Fargo Bank refused Northeast Bank's payment demands, Northeast Bank brought this action.  In its Second Amended Complaint, Northeast Bank asserted a claim against Wells Fargo Bank for conversion under Minn. Stat. § 336.3-420 (2010). Northeast Bank also asserted claims against Hanover for breach of contract as a third-party beneficiary and for enforcement of a lost, destroyed, or stolen instrument under Minn. Stat. §§ 336.3-309 to -310 (2010).  The case is before the Court on Hanover's motion to dismiss for failure to state a claim.  For the reasons set forth below, the Court grants the motion.

1

I.     BACKGROUND

Grand Rios Investment had an insurance policy with Hanover through one of Hanover's companies, Massachusetts Bay Insurance Company. The policy covered real property located in Brooklyn Park, Minnesota. Northeast Bank, as the mortgagee of the property, was named as a loss payee in the policy, which contained the following loss payable clause:

> For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:
>
> 1.   Adjust losses with you; and
>
> 2.   Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

After a loss at the property, Grand Rios Investment submitted a claim to Massachusetts Bay Insurance, which responded by issuing two checks. The first, a check for $100,000, was dated February 15, 2011, drawn on an account with Deutsche Bank Trust Company, and made payable to "Alex N. Sill Company and Grand Rios Investment LLC and Northeast Bank." Without Northeast Bank's endorsement, knowledge, or consent, the check was tendered at Wells Fargo Bank for payment to Grand Rios Investment. Although the check was unambiguously made payable to joint payees, the check did not bear the endorsement, forged or otherwise, of Northeast Bank when tendered. Wells Fargo Bank nevertheless paid $100,000 to Grand Rios Investment. Having received no benefit from the check, Northeast Bank demanded $100,000 from Wells Fargo Bank. The demand was refused.

The second check was made out in the amount of $250,000. That check was dated March 16, 2011, drawn on an account with Deutsche Bank Trust, and made payable to "Grand Rios Investment LLC and Northeast Bank and Alex N. Sill Company." Again, without Northeast Bank's endorsement (forged or otherwise), knowledge, or consent, the check was tendered at Wells Fargo Bank for payment to Grand Rios Investment. And again, Wells Fargo Bank paid

2

the full amount of the check, $250,000, to Grand Rios Investment. Having received no benefit from the check, Northeast Bank demanded $250,000 from Wells Fargo Bank. The demand was refused.

After its demands were refused, Northeast Bank brought this action against Wells Fargo Bank and Hanover. Northeast Bank's Second Amended Complaint contains three counts. Count I is the conversion claim against Wells Fargo Bank, Count II is the claim against Hanover for breach of contract, and Count III is the claim against Hanover for enforcement of a lost, destroyed, or stolen instrument. Hanover's motion to dismiss Counts II and III is before the Court.

## II.   DISCUSSION

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

pleading.'"[1]  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

Hanover asserts that Count II should be dismissed because it issued two checks made payable to Grand Rios Investment, Northeast Bank, and Alex N. Sill Company, and the checks were tendered at Wells Fargo Bank for payment to Grand Rios Investment. Northeast Bank argues that Hanover did not satisfy its obligations under the insurance policy because Northeast Bank did not endorse the checks and received no funds.

Hanover issued checks made payable to Grand Rios Investment, Northeast Bank, and Alex N. Sill Company. Delivery to one of the payees constituted delivery to all: "If a check is payable to more than one payee, delivery to one of the payees is deemed to be delivery to all of the payees." Uniform Commercial Code § 3-420 cmt. 1 (2002). Without Northeast Bank's endorsement, knowledge, or consent, the checks were tendered at Wells Fargo Bank for payment to Grand Rios Investment, and Wells Fargo Bank paid the full amount of the checks to Grand Rios Investment.

Under Minnesota law, a bank should not pay a check made payable to two or more persons jointly without endorsements of all payees: "If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them." Minn. Stat. § 336.3-110(d) (2010). Ordinarily, "if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken." *Id.* § 336.3-310(b). "If the payor bank pays a person not entitled to enforce the

---

[1] Northeast Bank did not attach copies of the insurance policy or the two checks to its Second Amended Complaint. Hanover submitted copies of the policy and the checks. The contents of the documents are not disputed.

instrument . . . the suspension of the underlying obligation continues because the check has not been paid. The payee's cause of action is against the depositary bank or payor bank in conversion under Section 3-420 or against the drawer under Section 3-309."[2] Uniform Commercial Code § 3-310 cmt. 4 (2002) (citation omitted). "The payee cannot merely ignore the instrument and sue the drawer on the underlying contract." *Id.* The Court dismisses Count II.[3]

Next, Hanover maintains that Count III should be dismissed because the checks were not lost, stolen, or destroyed. Northeast Bank asserts that it sufficiently alleged that the checks were lost, stolen, or destroyed.[4] Under certain circumstances, a person not in possession of an instrument may be entitled to enforce it:

---

[2] As noted above, Count I is Northeast Bank's claim against Wells Fargo Bank for conversion under Minn. Stat. § 336.3-420. Comment 1 to Uniform Commercial Code § 3-420 provides the following example of conversion in the case of an instrument payable to two or more persons not alternatively:

> [The second sentence of Section 3-420(a)] covers cases in which an instrument is payable to two persons and the two persons are not alternative payees, e.g. a check payable to John and Jane Doe. Under Section 3-110(d) the check can be negotiated or enforced only by both persons acting jointly. Thus, neither payee acting without the consent of the other, is a person entitled to enforce the instrument. If John indorses the check and Jane does not, the indorsement is not effective to allow negotiation of the check. If Depositary Bank takes the check for deposit to John's account, Depositary Bank is liable to Jane for conversion of the check if she did not consent to the transaction. John, acting alone, is not the person entitled to enforce the check because John is not the holder of the check.

[3] Northeast Bank cited *Quintana v. Allstate Insurance Co.*, 378 N.W.2d 40 (Minn. Ct. App. 1985), for the proposition that "[a]n insurance company is in breach of its contract for failing to pay on a claim if only one party endorses a check and cashes a check that is delivered payable to both parties." In *Quintana*, the Minnesota Court of Appeals concluded that the aggrieved co-payee could maintain a suit against the insurance company under a conversion theory because the insurance company was both drawer and drawee. 378 N.W.2d at 44; *see id.* at 45 (holding insurance company liable on the negotiable instruments).

[4] Relying on the magistrate judge's order that granted its motion to amend to add Count III, Northeast Bank also asserts that the Court should not dismiss Count III under the law-of-the-case

> A person not in possession of an instrument is entitled to enforce the instrument if
>
> > (1) the person seeking to enforce the instrument (A) was entitled to enforce the instrument when loss of possession occurred, or (B) has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
> >
> > (2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and
> >
> > (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Minn. Stat. § 336.3-309(a); *see id.* § 336.3-310(b)(4) ("If the obligee is the person entitled to enforce the instrument but no longer has possession of it because it was lost, stolen, or destroyed, the obligation may not be enforced to the extent of the amount payable on the instrument, and to that extent the obligee's rights against the obligor are limited to enforcement of the instrument."). Faced with arguments similar to those made by Northeast Bank and Hanover, courts have reached different conclusions. *Compare Crystaplex Plastics, Ltd. v. Redevelopment Agency*, 92 Cal. Rptr. 2d 197, 204 (Cal. Ct. App. 2000) ("[W]e agree with Crystaplex that its use of the phrases 'illegally taken,' 'unlawful negotiation' and 'without Plaintiff's knowledge, consent or endorsement' are the functional equivalents of alleging that the check was stolen and the endorsement was forged."), *with Bank of Am. Nat'l Trust & Sav. Ass'n v. Allstate Ins. Co.*, 29 F. Supp. 2d 1129, 1145 (C.D. Cal. 1998) ("The instrument in question was not lost or destroyed—it was cashed. Further, there is no showing that the Tangs cannot be found or served.").

---

doctrine. "The [law-of-the-case] doctrine applies to decisions made by appellate courts and final decisions made by district courts that have not been appealed. The doctrine does not apply to interlocutory orders." *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (citation omitted); *see, e.g.*, *Murphy v FedEx Nat'l LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010); *Mosley v. City of Northwoods*, 415 F.3d 908, 911 (8th Cir. 2005). Thus, the Court rejects Northeast Bank's law-of-the-case argument.

6

In this case, Hanover issued two checks made payable to Grand Rios Investment, Northeast Bank, and Alex N. Sill Company. The checks were not destroyed. They were not lost. And they are not in the wrongful possession of an unknown person or a person who cannot be found or is not amenable to service of process. Instead, the checks were tendered to Wells Fargo Bank for payment to one of the payees, Grand Rios Investment, and Wells Fargo Bank paid Grand Rios Investment. The Court dismisses Count III.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Hanover's motion to dismiss Counts II and III of the Second Amended Complaint [Docket No. 42] is GRANTED.

2. Counts II and III of the Second Amended Complaint are DISMISSED.

Dated: July 9, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge