UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northeast Bank,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Civil No. 11-3233 (JNE/JJG)
　　　　　　　　　　　　　　　　　　　　　　　　ORDER
The Hanover Insurance Group,

    Defendant,

and

Wells Fargo Bank, N.A.,

    Defendant and Third-Party Plaintiff,

v.

Percy Pooniwala, Dinaz Pooniwala,
Shreekanth Maripally, and Ashok Shetty,

    Third-Party Defendants.

In response to a claim on an insurance policy, the Hanover Insurance Group (Hanover) issued two checks made payable to Grand Rios Investments, LLC, Northeast Bank, and Alex N. Sill Company, which are the insured, the loss payee, and the public adjuster, respectively.[1]  Without Northeast Bank's endorsement, knowledge, or consent, Wells Fargo Bank, N.A., paid the full amount of the checks to Grand Rios Investments. After Wells Fargo Bank had refused its payment demands, Northeast Bank brought this

---

[1] The policy and the checks were issued by one of Hanover's companies, Massachusetts Bay Insurance Co.  No material distinction between Hanover and Massachusetts Bay Insurance appears for present purposes.  The Court refers to Hanover alone.

1

action. In its Second Amended Complaint, Northeast Bank asserted claims against Hanover for breach of contract as a third-party beneficiary and for enforcement of a lost, destroyed, or stolen instrument under the Uniform Commercial Code, Minn. Stat. §§ 336.3-309 to -310 (2012). Northeast Bank also asserted a claim against Wells Fargo Bank for conversion under the Uniform Commercial Code, Minn. Stat. § 336.3-420 (2012). In July 2012, the Court dismissed the claims against Hanover. Wells Fargo Bank asserted third-party claims. In January 2014, the Court granted summary judgment in Northeast Bank's favor on its claim against Wells Fargo Bank. The Court scheduled the action for trial in April 2014. A settlement conference took place in March 2014. The minutes of the settlement conference state: "Settlement reached. Terms stated on the record."

In April 2014, Wells Fargo Bank and the third-party defendants stipulated to the dismissal of Wells Fargo Bank's third-party claims. On April 23, 2014, the Court issued an Order consistent with the stipulations. Two days later, the Court dismissed the action and reserved jurisdiction for 45 days:

> Having been advised that this action has been settled, the Court dismisses the action with prejudice. The Court reserves jurisdiction for 45 days to permit any party to move to reopen the action for good cause, to submit a stipulated form of final judgment, or to seek enforcement of the settlement.

Less than two weeks later, Northeast Bank filed a Motion to Reopen and Enter Final Judgment.

In support of its motion, Northeast Bank stated that Wells Fargo Bank and the third-party defendants had entered into confidential settlement agreements, that Northeast

2

Bank and Wells Fargo Bank were unable to agree to a stipulated form of final judgment, and that final judgment should be entered on Northeast Bank's claim against Wells Fargo Bank. Neither Northeast Bank's motion nor its memorandum in support of its motion specified the amount sought by Northeast Bank, but Northeast Bank's proposed order did. Northeast Bank sought a judgment in the amount of the converted checks and prejudgment interest from the dates the checks were converted to the date of judgment at a rate of 10% per year, *see* Minn. Stat. § 549.09, subd. 1(c)(2) (2012).[2] Northeast Bank also claimed postjudgment interest at a rate of 10% per year. The Court set May 28, 2014, as the deadline for Wells Fargo Bank to respond to Northeast Bank's motion.

On May 23, 2014, Wells Fargo Bank filed a notice of appeal. It appealed from what it identified as a "final judgment" entered on April 23, 2014, "and from all decisions and opinions inherent therein and associated therewith." Wells Fargo Bank also stated, "To the extent final judgment was not entered on April 23, 2014, in compliance with Fed. R. App. P. 4(a)(2), Wells Fargo [Bank] asks that this notice of appeal be treated as filed on the date of and after the entry."

After it had filed the notice of appeal, Wells Fargo Bank responded to Northeast Bank's motion. Wells Fargo Bank did not contest the calculations in Northeast Bank's proposed order. Wells Fargo Bank stated:

---

[2]   As of May 5, 2014, Northeast Bank sought $31,917.81 in prejudgment interest on the $100,000 check that Wells Fargo Bank had converted on February 25, 2011. The amount sought is the product of the amount converted ($100,000); the interest rate (10%); and the number of days from February 25, 2011, to May 5, 2014, divided by 365 (1165/365). Northeast Bank also sought $77,602.74 in prejudgment interest on the $250,000 check that Wells Fargo Bank had converted on March 29, 2011.

>On April 25, 2014, this Court dismissed the action with prejudice but thoughtfully reserved jurisdiction for 45 days to permit any party to, among other things, seek enforcement of the settlement between Wells Fargo [Bank] and the third-party defendants.
>
>On May 23, 2014, Wells Fargo [Bank] filed its Notice of Appeal and Appellant's Form A, in the cautious belief that, under Eighth Circuit precedent, final judgment could be considered to have been entered in this action.
>
>If further steps are necessary for the entry of final judgment, Wells Fargo [Bank] at this time sees no reason to postpone them.

The Court grants Northeast Bank's Motion to Reopen and Enter Final Judgment. *Cf.* Fed. R. App. P. 4(a)(4); *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923-24 (8th Cir. 2006). For the reasons set forth in the January 2014 Order, Wells Fargo Bank is liable to Northeast Bank for $350,000, as well as prejudgment interest. The Court awards $32,575.34 in prejudgment interest on the $100,000 check and $79,246.58 in prejudgment interest on the $250,000 check. The Court awards postjudgment interest according to 28 U.S.C. § 1961 (2012). *See, e.g.*, *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1007 (8th Cir. 2013) ("Federal law governs our analysis of postjudgment interest."); *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 497 (8th Cir. 2001) ("Although *postjudgment* interest is a procedural matter governed by federal law, state law determines the rate of *prejudgment* interest." (citation omitted)); *Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.*, 933 F.2d 1433, 1435 (8th Cir. 1991) ("In a diversity action, state law governs prejudgment interest; federal law governs postjudgment interest."); *Drovers Bank of Chicago v. Nat'l Bank & Trust Co. of Chariton*, 829 F.2d 20, 23 n.3 (8th Cir. 1987) ("[I]nterest awarded through judgment is

4

based on the contract rate of interest, and interest awarded on the amount of the judgment is calculated at the federal rate.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Northeast Bank's Motion to Reopen and Enter Final Judgment [Docket No. 116] is GRANTED.

2. Counts II and III of Northeast Bank's Second Amended Complaint are DISMISSED with prejudice.

3. Northeast Bank recovers from Wells Fargo Bank $461,821.92, which is the amount payable on the two converted checks and prejudgment interest. Northeast Bank recovers from Wells Fargo Bank postjudgment interest according to 28 U.S.C. § 1961.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 29, 2014

s/Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge